**In re Michele Ann PAVLIS, Debtor.**

No. 01–10385.

United States Bankruptcy Court, D. Rhode Island.

June 4, 2001.

Michele Ann Pavlis, Cumberland, RI, Pro Se.

Stacy B. Ferrara, Coventry, RI, Chapter 7 Trustee.

Gary L. Donahue, U.S. Department of Justice, Providence, RI, Assistant United States Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on April 3, 2001, on the Objections of the United States Trustee and the Chapter 7 Trustee to the fee application of Document Preparer Jennifer Lois Hamilton. Ms. Hamilton, who has requested $175 in fees and $26 in copying and mailing expenses, testified that she spent 9.9 hours meeting with the Debtor, preparing the petition and matrix, and copying and mailing. The UST and Chapter 7 Trustee object, arguing that the time expended by Ms. Hamilton is excessive in this garden

variety no asset Chapter 7 case with a total of eight creditors, all of whom were unsecured. Hamilton's response is that she is relatively new at this business, and very meticulous about her work, to the extent that she "telephones creditors to verify the proper spelling of their names." Both the UST and the Chapter 7 Trustee argue that $100 will reasonably compensate the applicant for the services rendered.

### DISCUSSION

In 1994, Congress added to the Bankruptcy Code a provision relating to bankruptcy petition preparers. *See* 11 U.S.C. § 110. A petition preparer is defined as: "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A document for filing means "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). Subsection (h) of the statute, which deals with compensation, states:

(h) (1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

(2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared. An individ-

ual debtor may exempt any funds so recovered under section 522(b).

(3) The debtor, the trustee, a creditor, or the United States trustee may file a motion for an order under paragraph (2).

(4) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

11 U.S.C. § 110(h).

 In this District, R.I. Local Bankr.R.2017–1(a) and Appendix IV require a petition preparer to file a fee application whenever the fee exceeds $100. While not specifically stated in our Local Rules, since March 10, 2000, it has been this Court's practice to treat $100 as a reasonable threshold for fees of petition preparers, subject to higher awards through the fee application process.[1] Considering the passage of time since the promulgation of our Local Rules and current practice, I took this matter under advisement to review the adequacy of the threshold compensation for bankruptcy petition preparers in average cases like this one, and found that in 1997, Judge Feeney of the District of Massachusetts set $100 as a reasonable fee for preparing a bankruptcy petition, *In re Hartman*, 208 B.R. 768 (Bankr.D.Mass.1997), stating: "Because bankruptcy petition preparers may only offer typing services to debtors and may not give legal advice, this Court draws a similar comparison to secretaries for such preparers and finds that petition preparers are entitled to an hourly rate of $20.00." *Id.* at 780. Also in 1997, Chief Judge Haines of the District of Maine declined to adopt a blanket rule regarding petition

---

1. Prior to March 10, 2000, the threshold was $75, and that was the rule of thumb from 1997 to March 2000.

preparer fees and opted instead to look at the issue on a case by case basis. *See Consolidated Memorandum Regarding Bankruptcy Petition Preparers,* 1997 WL 615657 (Bankr.D.Me.1997). More recently, Chief Judge Vaughn and Judge Deasy of the District of New Hampshire, in a co-authored opinion, said that "in general, petition preparers should be able to provide their petition preparation services in a routine individual or joint consumer bankruptcy case for $150 or less." *In re Moran,* 256 B.R. 842, 850–51 (Bankr.D.N.H. 2000). After hearing extensive evidence, Judges Vaughn and Deasy held that:

> $20 per hour is a reasonable hourly labor charge by petition preparers for their time spent meeting with clients, typing the documents, and reviewing the documents prior to signing, tasks which most courts have held are permitted by the statute. The Court also finds that petition preparers should be able to recover their overhead costs in conducting their petition preparation businesses. *See Landry,* 250 B.R. at 446 (acknowledging that labor and overhead may be factored into a petition preparer's compensation if appropriate evidence is presented). Overhead costs would include such items as telephone service, photocopy machines, electricity, and employee benefits.... In the absence of any better evidence, the Court finds that fifty percent of a reasonable wage, or $10 per hour, is a reasonable amount for overhead. Accordingly, the Court holds that $30 per hour is a reasonable rate to be charged by a petition preparer. The Court notes that this amount may be subject to change upon receipt of more complete evidence on overhead costs or on account of inflation and other economic influences. *See Guttierez,* 248 B.R. at 299 n. 32.

In addition, the Court believes that petition preparers should be able to perform their petition preparation services in a routine individual or joint consumer case in five hours or less. The Court takes into account the UST's evidence that the petition, schedules, and statements can be typed in one and a half to two hours and the Court's observation that additional time needs to be spent with a client at an initial meeting and after the documents have been completed.

*Moran* 256 B.R. at 850–51. I believe that the District of New Hampshire and the District of Rhode Island are similar and comparable in many ways, and agree with and adopt the analysis of Judges Deasy and Vaughn in their *Moran* decision. Accordingly, the currently presumed reasonable threshold number[2] in this District for bankruptcy petition preparers is increased to $30 per hour, which sum includes all overhead. I also find that in routine individual or joint consumer bankruptcy cases, petition preparers should be able to provide complete, competent service to the debtor in five hours or less. I also emphasize that this ruling is intended to be fact specific, and that henceforth each petition should be reviewed by the case trustee and the United States Trustee on its facts. In some instances a fee of $150 may be excessive if the work performed by the petition preparer is substandard, causing case trustees and debtors to expend time and resources correcting mistakes and sloppy work. Therefore, nothing in this opinion should be construed as limiting the UST and/or case trustees from reviewing fees charged by bankruptcy petition preparers under Section 110, regardless of the fee charged, and seeking disgorgement in appropriate circumstances. As a result of our review here, but mainly due to the passage of time, the Court will amend

---

**2.** I.e., the amount above which a fee application is required to be filed.

Appendix IV of the local rules and increase subsection (a)(3) from $100 to $150, requiring an application where the fee for services exceeds $150.

 In this particular instance, while it was not a complicated consumer bankruptcy case, I will allow the fee as requested, considering the Applicant's diligence and newness to the process.